JEROME P. BURR, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

WALTER C. BURR, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 13099, 13100.  Promulgated May 4, 1928.

*Albert W. Pross, Esq.*, for the petitioners.
*J. L. Backstrom, Esq.*, for the respondent.

OPINION.

SIEFKIN: The error assigned in this case is the refusal of the respondent to allow as deductions from income of the petitioners for the calendar year 1921 their proportionate shares of the losses sustained by a partnership of which they were members, during the fiscal year of the partnership, June 1, 1920, to June 1, 1921, the individuals having filed returns for the year 1921 upon a calendar year basis. The result is the determination of deficiencies for 1922.

Section 218 (a) of the Revenue Act of 1921 provides:

That individuals carrying on business in partnership shall be liable for income tax only in their individual capacity. There shall be included in computing the net income of each partner his distributive share, whether distributed or not, of the net income of the partnership for the taxable year, or, if his net income for such taxable year is computed upon the basis of a period different from that upon the basis of which the net income of the partnership is computed, then his distributive share of the net income of the partnership for any accounting period of the partnership ending within the fiscal or calendar year upon the basis of which the partner's net income is computed.

In this case the facts are clear. The petitioners filed their income tax returns upon a calendar year basis while the partnership of which they were members filed returns upon the basis of a fiscal year ending June 1st. During the fiscal year, June 1, 1920, to June 1, 1921, the partnership sustained a loss of $101,946.96. Upon their returns for the calendar year 1921, Jerome P. Burr and Walter C. Burr deducted as losses $25,486.74 and $50,973.48, respectively, the entire amount of their proportionate shares of the losses of the

partnership. The respondent allowed only five-twelfths of such amounts upon the theory that only five-twelfths of the loss was actually sustained in 1921.

In *J. H. Goadby Mills*, 3 B. T. A. 1245, we held that an individual keeping his books upon a calendar year basis and being a member of a partnership keeping its books upon a fiscal year basis is required, under the provisions of section 218 (a) of the Revenue Act of 1918, to report as taxable income his proportion of the net profits of the partnership for its entire accounting period ending within his calendar year, although a portion of such profits was received by him during a period falling within his preceding calendar year.

Since each petitioner would be required to report as taxable income the total of his share of the partnership's earnings during its fiscal year ended within the calendar year of the petitioners it seems clear that the petitioners should be allowed as deductions the total of their proportionate shares of the losses sustained by the partnership during its fiscal year. Although the reasoning of the *Goadby Mills* case is based primarily upon the language of section 218 (a), cited above, which deals with the items to be included as *income* by members of a partnership, it is also necessary to the decision in that case to consider that the partnership can not say that it has gained or lost, or the extent until its accounting period has closed. We said in the *Goadby Mills* case:

> In recognizing a partnership for accounting purposes, Congress realized that until the close of the partnership's accounting period it can not be determined whether or not the partnership has any net income. The earnings of the earlier months may be entirely eliminated by losses sustained in the closing months of the partnership's accounting period, even to the extent of showing a net loss for the entire accounting period. Under such circumstances, it could not be said that distributions during the first months of the partnership's accounting period constitute income to the partners when the operations of the entire accouning period show that the partnership sustained a loss.

We conclude that the converse is true, and that a loss to the partnership first and finally determined in 1921 during the petitioners' calendar year must all be deductible in that year. It follows that the action of the respondent was erroneous.

Section 204 (d) of the Revenue Act of 1921, upon which the respondent relies is inapplicable as it has reference to a taxpayer having a fiscal year beginning in 1920 and ending in 1921, which is not the case here. The taxpayers in this proceeding are the individuals who report upon a calendar year basis.

*Judgment will be entered on 15 days' notice, under Rule 50.*